UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE GEIGEL, as administrator )<br>of the estate of CRISTHIAN GEIGEL, )<br>      Plaintiff, )<br>v. )<br>   )<br>BOSTON POLICE DEPARTMENT, )<br>ISMAEL ALMEIDA, and )<br>JOHN/JANE DOES NOS. 1–2 )<br>      Defendant. )<br>   ) | CIVIL ACTION NO. 1:22-CV-11437 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

**A.   THE COURT SHOULD DENY THE DEFENDANT'S MOTION TO DISMISS BECAUSE THE CLAIMS AGAINST THE CITY WERE IN FACT MADE WITHIN THE STATUTE OF LIMITATIONS**

*1.   Timeliness*

Since federal law does not provide a limitation period for Section 1983 claims, courts apply the forum state's statute of limitations provision for personal injury torts. *See Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia,* 471 U.S. 261, 276-80, 105 S. Ct. 1938, 1947-49, 85 L. Ed. 2d 254 (1985); *Calero-Colon v. Betancourt-Lebron,* 68 F.3d 1, 2-3 (1st Cir. 1995). Massachusetts law prescribes a three-year limitations period for causes of action such as plaintiff's Section 1983 claims. *See Street v. Vose,* 936 F.2d 38, 39-40 (1st Cir.1991), *cert. denied,* 502 U.S. 1063, 112 S. Ct. 948, 117 L. Ed. 2d 117 (1992). While federal courts borrow the forum state's statute of limitations, federal law provides the applicable rule for when the

limitation period begins to run, or accrue, on Section 1983 causes of action. *See Calero-Colon*, 68 F.3d at 3. Section 1983 claims accrue when the plaintiff knows or has reason to know of the injury on which the claim is based. *See id*. In determining when the plaintiff knew, or should have known, courts look to the common law cause of action most closely analogous to the constitutional right at stake. *See id*.

Because both the Boston Police Department and later the Suffolk County District Attorney's Office conducted a lengthy investigation into the circumstances surrounding Cristhian Geigel's death, the plaintiff did not know the factual basis for the cause of action until months after Cristhian's demise.  It was at a meeting with Suffolk County Assistant District Attorney John Verner on December 5, 2019, that details were finally provided to the family.[1]  The latest the plaintiff had to file would have been December 5, 2022.  Additional time should also be granted, if necessary, given the SJC's tolling of the statute of limitations due to the pandemic.

## 2.     *Irregularity*

The defendant addresses the SJC tolling in its submission to the Court and concedes that the tolling period, if granted by the Court, would extend the Plaintiff's permissible filing period by 106 day, with a filing deadline of September 12, 2022.  The complaint was indeed filed and the fee paid on September 7, 2022, and at the top of the docket sheet this date is reflected and reads Date Filed: 09/07/2022.  Inexplicably, in the notes below, an entry incorrectly suggests that the filing date was September 15, 2022.  The Massachusetts pandemic tolling order applies to § 1983 claims.  *Silva v. City of New Bedford*, 602 F. Supp. 3d 186 (D. Mass. 2022).

---

[1] The Suffolk County District Attorney's investigation was not closed at the time of the meeting on December 5, 2019.

B.  **FAILURE TO STATE A CLAIM**

A complaint will be dismissed if, after accepting all well-pleaded facts as true and after drawing all reasonable inferences in favor of the plaintiff, the Court determines that the complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a plaintiff must plead "more than labels and conclusions," and the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Morales-Tañon v. P.R. Elec. Power Auto.*, 524 F.3d 15, 18 (1st Cir. 2008). At the pleading stage, there is no probability requirement, only a requirement for "enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 550 U.S. 544, 556 (2007). The reviewing court must accept as true all well-pleaded facts in the complaint, "analyzing those facts in the light most hospitable to the plaintiff's theory, and drawing all reasonable inferences for the plaintiff." *U.S. ex Rel. Hutcheson v. Blackstone Medical*, 647 F.3d 377, 383 (2011).

A municipality may be liable under § 1983 for failure to train its police officers if "that failure causes a constitutional violation or injury and 'amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact.'" *DiRico v. City of Quincy, 404 F.3d. 464, 468* (1st Cir. 2005), citing *City of Canton v. Harris, 489 U.S. 378, 388* (1989). Here, the complaint alleges that the City failed to train its police officers adequately in the proper methods for providing medical care to the persons they arrest and hold in their custody. The complaint also alleges that the City failed to train its police officers in the proper methods for monitoring their detainees. It further alleges that the lack of training caused the deprivation of plaintiff's federal due process rights under the Fourteenth Amendment and demonstrated a deliberate indifference to those rights. Accepting the allegations as true, and drawing reasonable

3

inferences in plaintiff's favor, the complaint states a *Monell* claim for failure to train under § 1983.  The Boston Police policy directing officers to provide "immediate attention" to persons in their custody who are "unconscious" is toothless without further guidance as to how the officers are to determine the detainee is in fact unconscious. BPD's protocol whereby an on duty officer conducted a well-being check by merely looking through a cell door and nothing more was simply inadequate and violative of Cristhian Geigel's rights.  A complaint "need not be replete with factual allegations; rather a plaintiff's burden is to set out 'plausible grounds' for an entitlement to relief." *Bannon v. Godin*, No. 20-cv-11501-RGS, 2020 WL 7230902, at *1 (D. Mass. Dec. 8, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery" will provide evidence supporting the claims. Twombly, 550 U.S. at 556. The reviewing court must accept as true all well-pleaded facts in the complaint, "analyzing those facts in the light most hospitable to the plaintiff's theory, and drawing all reasonable inferences for the plaintiff." *Blackstone Med.*, 647 F.3d at 383. Dismissal is improper where a "clear factual dispute exists," which "must be resolved during discovery or at trial." *Ahanotu v. Massachusetts Turnpike Authority,* 466 F. Supp. 2d 378, 391 n.3 (D. Mass. 2006).

      The Complaint alleges sufficiently that Cristhian Geigel was a well-known drug addicted person with whom Boston Police had multiple drug-related contact. The Boston police were originally called to the scene of arrest that led to his detention because of a report of Mr. Geigel acting strangely in front of a business.  Cristhian was alleged to be waving a toy gun about, and

4

displayed signs consistent with being under the influence of some type of drug.  The complaint alleges that Cristhian was in police custody, that for the entirety of the time he was in his cell the police did not check to see if how he was doing. The police merely checked to see if his body was still in the cell.  Thirteen hours had passed between the time Cristhian died and the time a Boston police officer entered Cristhian's cell to physically check on him. By that time it was too late.

      **WHEREFORE**, the Defendant's motion to dismiss must fail.

Respectfully submitted,

      /s/ John Benzan
John Benzan BBO #555874
Law Office of John Benzan
P.O. Box 620667
Newton Lower Falls, Massachusetts 02462
Tel.: (617) 733-7723
johnbenzan@msn.com

May 12, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to this indicated as non-registered participants on May 12, 2023.

Dated: May 12, 2023      /s/ John Benzan
John Benzan