UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:22-cv-11437-DJC

| | |
|---|---|
| MICHELLE GEIGEL, as administrator of the estate of CRISTHIAN GEIGEL, <br><br> Plaintiff, <br><br> v. <br><br> BOSTON POLICE DEPARTMENT, ISMAEL ALMEIDA, and JOHN/JANE DOES NOS. 1–2 <br><br> Defendants. | |

**DEFENDANT CITY OF BOSTON'S RESPONSE TO
PLAINTIFF'S JULY 28, 2023, FILING**

Defendant City of Boston (the "City") hereby responds to Plaintiff's July 28, 2023, filing. At the hearing on the Motion to Dismiss held on July 27, 2023, Plaintiff's counsel asked the Court for the opportunity to submit the record of an email exchange he had with the clerk about the filing of the Complaint in September 2022 as an exhibit in support of his opposition to the motion to dismiss. After the Court gave him that opportunity, Plaintiff filed a document the next day, but it is not a record of email exchanges regarding the filing of the Complaint. Instead, the new filing is the same document that Plaintiff's counsel showed to defense counsel prior to the hearing and that Plaintiff's counsel referenced during his argument at the hearing. Specifically, it is a receipt for payment of a $402 filing fee that Plaintiff's counsel evidently received on September 7, 2022.

The July 28 filing offers no support for Plaintiff's assertion that the "complaint was indeed filed . . . on September 7, 2022." Plaintiff's Motion for Leave to File Plaintiff's Opposition to the Defendant's Motion to Dismiss, ECF No. 11, at 2. It appears likely that Plaintiff's counsel opened

1

a civil case, entered the party names, was assigned a case number, and even paid the filing fee on September 7, 2022.[1] But crucially, the available evidence—including the docket entries and the automatically-generated timestamp—indicate that the Complaint was not filed until September 15, 2022. Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." Under the three-year statute of limitations and applicable tolling period, Plaintiff was required to file the Complaint by September 12, 2022. She did not do so. Accordingly, the case should be dismissed.

>Respectfully submitted,
>
>Defendant,
>CITY OF BOSTON
>By its attorneys,
>
>Adam Cederbaum
>Corporation Counsel
>
>/s/ *Randall Maas*
>Edward F. Whitesell, Jr. BBO#644331
>Senior Assistant Corporation Counsel
>Randall Maas BBO#684832
>Assistant Corporation Counsel
>City of Boston Law Department
>City Hall, Room 615
>Boston, MA 02201
>(617) 635-4042
>Edward.whitesell@boston.gov
>Randall.Maas@boston.gov

---

[1] The process for opening a federal civil case online is detailed in the Electronic Case Filing Civil Case Opening Manual for Attorneys, put out by the District Court, and available at https://www.mad.uscourts.gov/caseinfo/pdf/training/ATTYCASEOPENING_001.pdf. The manual describes how after a civil case has been opened and a case number has been assigned, the "final step in opening a new Civil Case is to docket the 'lead event'" or Complaint. See Civil Case Opening Manual, at 8. The manual also provides information about paying filing fees online. See id. at 14–15. Plaintiff's counsel appears to have completed several steps in the electronic case filing process by September 7, 2022, but did not docket the lead event—i.e. file the Complaint—until September 15, 2022.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 1, 2023.

| | |
|---|---|
| August 1, 2023 | /s/ *Randall Maas* |
| Date | Randall Maas |