UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-11437-DJC

MICHELLE GEIGEL, as administrator of the estate of CRISTHIAN GEIGEL,

Plaintiff,

v.

ISMAEL ALMEIDA and JOHN DOES NOS. 1–2,

Defendants.

## OFFICER ISMAEL ALMEIDA'S STATEMENT PURSUANT TO LOCAL RULE 16.1 AND RULE 26(f)

Officer Ismael Almeida ("Defendant") respectfully submits the following statement in accordance with Local Rule 16.1(d) and this Court's Notice of Scheduling Conference dated January 5, 2024 (the "Order"). Despite emailing Plaintiff's counsel several times, defense counsel was only able to schedule a call to discuss scheduling on the morning of February 2, 2024, at which point there was not enough time to submit a joint scheduling statement. Accordingly, Defendant hereby submits a separate statement.

### I. AGENDA OF MATTERS TO BE DISCUSSED

Defendant proposes that the Court discuss Defendant's proposal for phased discovery set forth in Paragraph II.

### II. RECOMMENDATION REGARDING RULE 16 CONFERENCE

Defendant proposes that this Court order phased discovery to resolve two issues: a) whether Defendant was present when decedent was first booked at the D4 station; and b) the precise date that Plaintiff learned of the decedent's death.

Both of these issues were highlighted in the Court's Order on the Motion to Dismiss. The Court observed that the complaint "alleges that Almeida booked Cristhian following his arrest, at which time he 'showed obvious signs of opioid over-intoxication.'" The Court therefore reasoned that a "claim premised on Almeida's failure to obtain medical treatment and monitoring for Cristhian when it became clear that Cristhian was at risk of an overdose during the booking process does not fail for lack of causation." Further, the Court ruled that because the complaint "does not specify when Geigel learned of Cristhian's death . . . the Court cannot conclude, on the present record, that Geigel's claims against Almeida accrued on the date of Cristhian's death or at what point thereafter."

A ruling on either of these issues in Defendant's favor would be dispositive of Plaintiff's claims. If Defendant was not present at the decedent's booking, then the claims against Defendant fail for lack of causation, as the only other time Defendant was alleged to have been working at the station was almost six hours after the decedent had already died. See Complaint at ¶¶ 63, 66. Moreover, if Plaintiff learned of the decedent's death within two days of its occurring, then Plaintiff's claims are untimely under the statute of limitations.

### III. CONCISE SUMMARY OF THE POSITION ON THE DEFENDANT ON LIABILITY AND RELIEF SOUGHT.

Defendant is confident that he will prevail on both of these issues in a motion for summary judgment. As an exhibit to this statement, Plaintiff has attached the "BATS sheets," or attendance forms, for the D4 station during the period from May 25–May 28, 2019. See Exhibit A. The sheets indicate that Officer Almeida was not working at the time that decedent was brought into the station for booking, and in fact did not work at any time that weekend until the shift that started several hours after the decedent had already died. Additionally, Defendant will be able to produce a form that was sent to the medical examiner authorizing the release of the decedent's body; this

form was signed by Plaintiff on May 30, 2019, two days after Plaintiff's body was discovered in his cell. Defendant will also be able to produce documents showing that Plaintiff resided with her mother in May 2019, and that her mother was informed of the decedent's death on the same day that decedent was found dead.

IV. **TIMETABLE FOR DISCOVERY AND MOTION PRACTICE**

1. **Initial Disclosures:** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by **February 23, 2024**.

2. **Fact Discovery**

    a. **Phase One Discovery Deadline** - All discovery, other than expert discovery, must be completed by **March 29, 2024.**

3. **Dispositive Motions**

    a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings must be filed by **April 26, 2024,** with any opposition to be filed by **May 24, 2024.**

V. **SCOPE OF DISCOVERY**

Defendant refers the Court to Section II.

VI. **PENDING MOTIONS**

Defendant currently has no motions pending before the Court.

VII. **TRIAL**

Defendant demanded a trial by jury and does not consent to a trial by magistrate.

VIII. **ALTERNATIVE DISPUTE RESOLUTION**

The parties have not discussed the possibility of alternative dispute resolution. Defendant does not believe that ADR would be fruitful at this stage of the litigation.

IX. **SETTLEMENT PROPOSALS**

Plaintiff has yet to make a written settlement proposal under Local Rule 16.1(c).

X. **CERTIFICATIONS**

Defendant will file a Local Rule 16.1(d)(3) certification separately.

                         Respectfully submitted,

                         **OFFICER ISMAEL ALMEIDA**
                         By his attorneys,

                         ADAM N. CEDERBAUM
                         Corporation Counsel

                         /s/ Randall F. Maas
                         Edward F. Whitesell, Jr. (BBO#644331)
                         Senior Assistant Corporation Counsel
                         Randall Maas (BBO#684832)
                         Assistant Corporation Counsel
                         City of Boston Law Department
                         City Hall, Room 615
                         Boston, MA 02201
                         (617) 635-4045
                         (617) 635-4042
                         edward.whitesell@boston.gov
                         Randall.maas@boston.gov

**Certificate of Service**

     I, Randall F. Maas, hereby certify that on February 2, 2024, a copy of this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                         /s/ Randall F. Maas
                         Randall F. Maas