## UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MICHELLE GEIGEL, as administrator** ) | |
| **of the estate of CRISTHIAN GEIGEL,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | **CIVIL ACTION NO. 1:22-CV-11437** |
| ) | |
| **BOSTON POLICE DEPARTMENT,** ) | |
| **ISMAEL ALMEIDA, and** ) | |
| **JOHN/JANE DOES NOS. 1–2** ) | |
| **Defendant.** ) | |

## PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This Complaint is against the Boston Police Department ("BPD") for the wrongful death of Cristhian Geigel. He died while in police custody in a cell at the BPD District 4 station on May 28, 2019, from a preventable opioid overdose. He depended reasonably and solely on the BPD for his well-being while in their custody. Cristhian had displayed signs of medical distress, and any reasonable person would have understood that he required immediate medical attention, had they only adequately checked on his well-being. The Defendant, now moving for summary judgment, was charged with monitoring Cristhian and to conduct periodic checks on his well-being and he failed to do his duty in this regard.

For the reasons set forth below, the Defendant's motions for summary judgment should be denied in full because there are genuine disputes of fact that preclude summary judgment for every claim.

**ARGUMENT**

While detainees are being held in police custody, their well-being is the responsibility of the police department. Even though prisoners are normally housed for only short periods of time, the environment of police lockups can become volatile and emotionally charged, as evidenced by incidents of prisoner suicide and injury. Post-arrest detention is a time when the emotional impact of the arrest becomes evident to many prisoners. Particularly prone to actions which may cause injury to themselves or others are persons with mental illness, persons who are intoxicated due to drug or alcohol use, drug addicts, and persons who have other arrest warrants against them. Strict adherence to procedures governing the monitoring of prisoners and the bringing of drugs, weapons, and tools into the cell block area is necessary to ensure facility security and prisoner well-being.

On May 27, 2022, the BPD arrested Christian Geigel and booked him into the District 4 station. BPD placed Cristhian in cell 16 which was monitored by surveillance cameras.

The Boston Police Department's policy regarding people in their custody is to perform well-being checks that are to be conducted every 15 minutes by physically looking in the cell to observe the detainee and listening to the sounds emanating from the cell area to ensure that the detainee is all right. The Defendant was on duty during the time Cristhian was in police custody and was under his watch. The Defendant, from 12 A.M. to 4 A.M. on May 28, 2019 performed twelve different checks during which he was obligated to physically look at Cristhian and to listen for sounds that indicated that Cristhian was all right.  A visual check should have included looking for signs that Cristhian was alive - i.e. waiting to see if his body was rising and falling in a manner consistent with a person breathing. An audio check should have included listening for

2

sounds in Cristhian's cell that are consistent with either normal or distressed breathing.  The Defendant either failed to perform these checks adequately or he saw Cristhian not moving in a way that indicated that he was still breathing and/or not making any breathing noises and failed to act to provide appropriate medical care.  The Defendant performed checks that merely confirmed that the body was still in the cell, and therefore is liable for failing to act as required.

**LEGAL STANDARD**

"The role of summary judgment is to pierce the pleadings to determine whether there is a genuine need for trial." *Evans Cabinet Corp. v. Kitchen Intern., Inc.*, 593 F.3d 135, 140 (1st Cir. 2010) (citation omitted). The burden is on the moving party to show, through the pleadings, discovery, and affidavits, "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir. 1993). Credibility questions are within the province of the jury alone, and in the face of disputed facts, defendants cannot establish summary judgment with "self- serving" statements. *Pfaller v. Amonette*, 55 F.4th 436, 450–51 (4th Cir. 2022).  Summary judgment is warranted where the movant demonstrates that the record, "construed in the light most flattering to the nonmovant, 'presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'" *Lawless v. Steward Health Care Sys.,*

894 F.3d 9, 20-21 (1st Cir. 2018), *quoting McKenney v. Mangino*, 873 F.3d 75, 80 (1st Cir. 2017).

A factual dispute is "genuine" if there is "'sufficient evidence supporting the claimed factual

dispute' to require a choice between 'the parties' differing version of the truth at trial." *Garside v.*

*Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir. 1990), *quoting Hahn v. Sargent,* 523 F.2d 461, 464 (1st

Cir. 1975).

**A. Plaintiff's § 1983 Claim Is NOT Time-Barred**

Plaintiff's claim that Officer Almeida violated Geigel's rights under the 14th Amendment

of the Constitution by not providing medical care, treatment, and monitoring was timely filed.

Plaintiff does not dispute the calculations of the Defendant in connection with the tolling issue,

but does challenge the Defendant's assertion that the Plaintiff's claim accrued before December

2019.

Although federal courts look to state law for the statute of limitations and tolling

principles, "the accrual date of a § 1983 cause of action is a question of federal law that is not

resolved by reference to state law." *Wallace,* 549 U.S. at 388, 127 S.Ct. 1091; *see Conjugal*

*P'ship Acevedo-Príncipe v. United States,* 768 F.3d 51, 56 (1st Cir. 2014). Under federal law, a §

1983 claim accrues when the putative " 'plaintiff has a complete and present cause of action,' ...

that is, when 'the plaintiff can file suit and obtain relief.' " *Wallace,* 549 U.S. at 388, 127 S.Ct.

1091 (*quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522

U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) ). In this context, a § 1983 plaintiff has "a

complete and present cause of action" when all of the acts comprising the specific constitutional

violation have been completed. *See McDonough v. Smith,* 588 U.S. ——, 139 S. Ct. 2149, 2155,

204 L.Ed.2d 506 (2019). However, pursuant to the federal discovery rule, accrual is delayed until

the plaintiff knows, or should know, of those acts. Specifically, a plaintiff must, or should, be aware of both the fact of his or her injury and the injury's likely causal connection with the putative defendant. *See Jardín de las Catalinas Ltd. P'ship v. Joyner,* 766 F.3d 127, 133 (1st Cir. 2014) (*citing United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) ); *see also Skwira v. United States,* 344 F.3d 64, 78 (1st Cir. 2003).

Here, the Suffolk County District Attorney's Office, investigating the Boston Police Department, had complete and sole control over the investigation surrounding the circumstances of Cristhian's death.  The injury may be apparent, but "the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain." *Jardín de las Catalinas,* 766 F.3d at 133 (*quoting Kubrick,* 444 U.S. at 122, 100 S.Ct. 352 ).  The facts about causation did not come to light until after the District Attorney investigation and such information was shared with the Plaintiff.

The Defendant ignores the essence of the Plaintiff's statement when she clearly stated that no real facts were provided to her on March 28, 2019, and that the matter was under investigation.

*Q. And they said that officers were going to take him to court in New Hampshire on Tuesday?*
*A. Yes.*
*Q. And it was in that instance that they found him unresponsive?*
*A. Yes.*
*Q. Did they tell you that they found him specifically in his cell?*
*A. They didn't give me any information like that. They just said that they found him unresponsive, and they just, again, they just told us that everything was under investigation. They couldn't give me any information, any details.[1]*

---

[1] Michelle Geigel's Sworn Statement pp28-29

**A.  Plaintiff's wrongful death claim is NOT time-barred.**

Plaintiff's wrongful death claim should also survive summary judgment because the evidence shows that the Complaint was timely filed.  For all the same reasons above, this Court should find that the, wrongful death claim was commenced "within three years from the date when the deceased's executor or administrator knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action." Mass. Gen. L. c. 229, § 2.  The Plaintiff did not become aware of the facts and circumstances surrounding Cristhian's death until her December 2019 meeting with the investigating prosecutor.

**B.  Death Certificate states that the date of death is May 28, 2019**

There are genuine issues of fact that should be put forth before a jury to decide, and they go to the meat of the causation element of the § 1983 claim.

Acknowledging that a § 1983 claim alleging failure to provide medical care in violation of the Fourteenth Amendment of the Constitution, that "the care 'must involve acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs'", the plaintiff points to the fact that the death certificate cites the date of death as May 28, 2019.  The Defendant admits he was not only working for the first four hours of May 28, 2019, he was the one who was responsible to conduct well-being checks on Cristhian Geigel.  There remains a genuine issue as to the exact time and day Cristhian passed, as well as to the exactitude of the Defendant's performance of his duty. The Plaintiff has asserted that the Defendant's failure to physical inspect (both visually and auditory) Cristhian in his cell to confirm that he was breathing was deliberate indifference to a medical need. Whether or not Cristhian was breathing, or having trouble breathing, was a serious medical need that required the Defendant to perform

his duty of checking on Cristhian's well being to conscientiously. To merely check that Cristhian

had not escaped and was still in his cell is arguably a showing of deliberate indifference and

wanton recklessness given that the Defendant was required to do so much more.

The state of the evidence, in a light most favorable to the Plaintiff shows a causal

connection between Officer Almeida's conduct and Cristhian's death.  The defendant owed the

plaintiff a duty of reasonable care, the defendant breached this duty, damage resulted, and that

there was a causal relation between the breach of the duty and the damage.

**WHEREFORE**, the Plaintiff's Motion for Summary Judgment should be denied.

May 24, 2024                                        Respectfully submitted,


        _____/s/ John Benzan_____
        John Benzan BBO #555874
        Law Office of John Benzan
        P.O. Box 620667
        Newton Lower Falls, Massachusetts 02462
        Tel.: (617) 733-7723
        johnbenzan@msn.com

<u>CERTIFICATE OF SERVICE</u>

I, John Benzan, hereby certify that I served a true copy of the above document upon all parties of record via this court's electronic filing system on May 24, 2024.

Dated: May 24, 2024

_____/s/ John Benzan_____
John Benzan